43 F.3d 1487
 75 A.F.T.R.2d 95-534, 95-1 USTC P 50,049
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The ESTATE OF BROWN J. AKIN, Jr., Deceased, and JEAN C.
AKIN, Individually, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5117.
 United States Court of Appeals, Federal Circuit.
 Dec. 19, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 The estate of Brown J. Akin, Jr., deceased, and Jean C. Akin individually (the Akins) appeal the judgment of the United States Court of Federal Claims granting the government's motion to dismiss the Akins' complaint for lack of jurisdiction. We affirm on the basis of the decision below.
 
 DISCUSSION
 
 2
 The Court of Federal Claims held that the Akins had not complied with the "full payment rule" set forth in Flora v. United States,[1] because they had not fully paid all outstanding tax deficiencies for the taxable year at issue prior to commencing a refund suit in that court. We find no error in that determination. The Court of Federal Claims also held that the first three counts of the Akins' complaint were barred by 28 U.S.C. Sec. 6512(a) because the Akins filed a petition with the United States Tax Court for the tax year underlying those counts, thereby divesting the Court of Federal Claims of jurisdiction over those counts. We also find no error in that determination. Finally, we decline the Akins' invitation to apply the doctrine of equitable estoppel against the government on the facts of this case.
 
 
 
 [1]
 357 U.S. 63, 75 (1958), aff'd on reh'g, 362 U.S. 145, 177 (1960). The full payment rule is applicable to refund suits in the Court of Federal Claims. Shore v. United States, 9 F.3d 1524, 1527 (Fed.Cir.1993)