**Lance C. STANDIFIRD, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–394T.**

United States Court of Federal Claims.

Feb. 15, 1995.

Lance C. Standifird, pro se.

Jay G. Philpott, Jr., Washington, DC, with whom was Asst. Atty. Gen. Loretta C. Argrett, for defendant.

### ORDER

MILLER, Judge.

■ This case is before the court on defendant's motion to dismiss pursuant to RCFC 12(b)(1) and (4). Insofar as the complaint, as amended, seeks a refund of taxes, the issue is whether the court lacks jurisdiction over the action since plaintiff neither filed a claim for refund nor paid the tax at issue. Insofar as the complaint, as amended, constitutes an action against the United States for breach of contract, as plaintiff alleges, the issue is whether the court lacks jurisdiction based on section 7433(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7433(a) (1988) (the "I.R.C."). Section 7433(a) stipulates that a civil action for damages in district court is the exclusive remedy for those seeking relief from an unauthorized tax collection action. Alternatively, defendant urges dismissal under RCFC 12(b)(4) for failure to state a claim upon which relief can be granted. Argument is deemed unnecessary.

1. Plaintiff further alleges that the U.S. Consulate refused to give him a receipt to this effect.

2. Plaintiff contends that defendant was bound by the Agreement because it was presented to Mr. Anderson, an agent for the Government, and Mr.

## FACTS

The following facts derive from plaintiff's complaint, as amended, and documents intended to supplement the complaint. Although plaintiff's filings are difficult to understand, the court has made every effort to view the amended complaint in a light that would support jurisdiction. Lance C. Standifird, proceeding *pro se* ("plaintiff"), alleges that in October 1992 he served the United States Consulate in Vancouver, British Columbia, Canada, with a notice of expatriation, thereby renouncing his United States citizenship.[1] Accordingly, plaintiff contends that he is a "nonresident nonimmigrant alien" and not subject to United States tax collection actions. Plf's 3d Am.Compl. filed Aug. 10, 1994, ¶ 2. Upon plaintiff's return from Canada, Bob Anderson, a Revenue Officer with the Internal Revenue Service (the "IRS"), continued tax collection proceedings against plaintiff, finding his renunciation of citizenship ineffective. Apparently, these proceedings preexisted plaintiff's move to Canada.

On or about January 24, 1994, plaintiff presented Mr. Anderson with a document entitled "Agreement," a copy of which is attached to the third amended complaint (hereinafter "the Agreement"). The Agreement states: "I, Bob Anderson, here agree to accord to the presenter [plaintiff] the rights ... declared...." in various documents, including the United States Constitution. The Agreement also sets forth a schedule of the value of violations of plaintiff's rights, including a provision contained in ¶ 7(c), which states: "Violations constituting an unauthorized tax collection procedure shall be valued at $100,000 per violation or actual damages, whichever is more, for each such act violative." Although Mr. Anderson neither signed nor responded to the Agreement, plaintiff avers that the document rendered plaintiff's inherent and constitutional rights enforceable in contract.[2]

On or about February 22, 1994, plaintiff alleges that the IRS made an "unauthorized

Anderson failed to dishonor it. Alternatively, plaintiff maintains that Mr. Anderson manifested his consent to be bound by the Agreement by violating one of plaintiff's enumerated rights.

attempt" to collect taxes from him by serving a notice of levy upon his employer. Plf's Compl. filed June 16, 1994, ¶ 4. Plaintiff characterizes this collection action as a breach of ¶ 7(c) of the Agreement for which the United States is liable to him in the amount of $100,000.00.[3] Thereafter, on June 16, 1994, plaintiff filed suit in the United States Court of Federal Claims. Defendant moved to dismiss for lack of jurisdiction and failure to state a claim.

## DISCUSSION

### 1. *Motion to dismiss*

When evaluating a motion to dismiss for subject matter jurisdiction pursuant to RCFC 12(b)(1), the allegations of the complaint should be construed favorably to the pleader, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), to the end that the court must accept as true the facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). In *W.R. Cooper General Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988), the court stated: "In cases such as this in which a party has moved to dismiss for lack of jurisdiction, we must consider the facts alleged in the complaint to be correct. If these facts reveal any possible basis on which the non-movant might prevail, the motion must be denied." (Citing *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; additional citations omitted.) However, the burden is on plaintiff to establish jurisdiction. *Reynolds,* 846 F.2d at 748 (citing cases).

### 2. *Jurisdiction*

Plaintiff contends that the United States has engaged in an unauthorized collection action that gives rise to liability pursuant to ¶ 7(c) of the Agreement, which he allegedly entered into with Mr. Anderson. Plaintiff argues that this action arises under contract law and seeks only specific performance of the Agreement. Defendant's characterization of the action as a tax refund suit is

nonetheless correct. However, in order to plumb plaintiff's amended complaint for any cognizable cause of action—either a claim for refund or a contract claim arising under I.R.C. § 7433, regarding unauthorized collection actions—this court will address defendant's jurisdictional challenge as to both types of claims.

■ Because the jurisdiction of the United States Court of Federal Claims, as that of all other federal courts, is specified by statute, certain prerequisites must be satisfied before the court can entertain an action. Consistent with the doctrine of sovereign immunity, the United States cannot be sued without its consent. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). This consent must be " 'unequivocally expressed.' " *Id.* (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)).

The Court of Federal Claims, concurrently with United States district courts, exercises jurisdiction over suits for the refund of taxes. 28 U.S.C. § 1346(a)(1) (1988); 28 U.S.C. § 1491(a)(1) (Supp. V. 1993). The Supreme Court has interpreted the jurisdictional grant of 28 U.S.C. § 1346(a)(1) to be limited to suits wherein the taxpayer, prior to the date on which a refund suit is commenced in district court, has paid fully all outstanding tax deficiencies for the taxable year at issue. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The United States Court of Claims, predecessor to the Court of Federal Claims, extended this rule, holding that the *Flora* full payment rule applies with equal force to refund suits initiated under 28 U.S.C. § 1491(a)(1). *Tonasket v. United States,* 218 Ct.Cl. 709, 712, 590 F.2d 343 (1978) (Table); *see also Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir.1993) (applying full payment rule); *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991) (same); *Estate of Akin v. United States,* 31 Fed.Cl. 89, 93, *aff'd,* No. 94–5117, 1994 WL 706024 (Fed.Cir. Dec. 19, 1994) (Table) (same). Plaintiff has

---

**3.** Plaintiff takes the position that the United States is liable, although plaintiff admits that the

United States was not a party to the Agreement.

not demonstrated that he paid the outstanding tax deficiencies for the taxable year at issue.[4] Thus, even if the complaint were interpreted to seek a tax refund, which plaintiff denies, he has not satisfied the full payment requirement.

In addition, I.R.C. § 7422 makes the United States' consent to be sued contingent upon a taxpayer's compliance with certain jurisdictional prerequisites.[5] One such prerequisite is the timely filing of a claim for refund. 26 U.S.C. § 7422(a) (1988); *Zuger v. United States*, 834 F.2d 1009, 1010 (Fed.Cir. 1987) (finding Claims Court lacked jurisdiction over suit for refund where plaintiff failed to file claim for administrative refund). Plaintiff has not established that he filed a claim for refund with the IRS. Plaintiff merely asserts that the United States owes him $100,000.00 as the result of an unauthorized collection action. Because plaintiff has neither paid the tax at issue, nor filed a claim for refund with the IRS, the court is precluded from exercising jurisdiction over plaintiff's amended complaint insofar as it can be construed to seek a refund of taxes.

Even assuming, *arguendo*, that plaintiff's action is construed properly as a contract claim seeking equitable relief for the unauthorized collection of taxes, as plaintiff characterizes his suit, jurisdiction is lacking.[6] I.R.C. § 7433(a) provides that civil actions brought in United States district courts shall be the exclusive remedy for recovering damages resulting from unauthorized collection actions.[7] The sole exception to this exclusivity is I.R.C. § 7432, which relates to civil damages for failure to release a lien. Since plaintiff's action can be interpreted as seeking damages resulting from a tax collection action, I.R.C. § 7432 does not apply. However, pursuant to I.R.C. § 7433(a), an action for damages resulting from the unauthorized collection action must be brought in a United States district court, not the Court of Federal Claims.[8]

Finally, plaintiff asks for specific performance of the Agreement that he allegedly entered into with Mr. Anderson. The court's jurisdiction to grant relief depends upon the extent to which the United States explicitly and unequivocally has waived its sovereign immunity. *King*, 395 U.S. at 4, 89 S.Ct. at 1503 (citing *United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941)). The central provision establishing contractual jurisdiction, 28 U.S.C. § 1491(a)(1), authorizes the court to exercise jurisdiction over express and implied-in-fact contract claims seeking damages in cases not sounding in tort.

The Court of Federal Claims does not possess the general equitable powers of a federal district court. *Bowen v. Massachusetts*, 487 U.S. 879, 905, 108 S.Ct. 2722, 2737, 101 L.Ed.2d 749 (1988). 28 U.S.C. § 1491(a)(3) stipulates that the court can grant equitable relief solely in the case of

---

4. Plaintiff insists that, even if the IRS properly determined liability with regard to the tax year in question, he bore no responsibility to render payment based on the doctrine of laches. Notwithstanding plaintiff's laches defense, the full payment rule still applies.

5. I.R.C. § 7422(a) provides, in pertinent part:
No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... until a claim for refund or credit has been duly filed with the Secretary....

6. Plaintiff originally sought to recover $100,-000.00 in damages and now, after amending his complaint, seeks only specific performance of the Agreement. *See* Plf's Br. filed Jan. 23, 1995, ¶¶ 2–3. Out of an abundance of caution, the court addresses both forms of relief.

7. I.R.C. § 7433(a) provides:
If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

8. Plaintiff is precluded from bringing suit in United States district court for unauthorized collection actions until he has exhausted all administrative remedies. I.R.C. § 7433(d)(1). Plaintiff does not establish that he has exhausted such remedies.

pre-award contract claims.[9] *United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1367 (Fed.Cir.1983) (holding that Congress granted this court equitable powers and limited their exercise to a particular stage in the governmental procurement process); *see also King,* 395 U.S. at 5, 89 S.Ct. at 1503 (ruling that absent express grant of jurisdiction from Congress, Court of Claims has no authority to issue declaratory judgments).[10] By seeking specific performance of the Agreement, plaintiff asks this court to render a type of equitable relief that it lacks the power to grant.

### 3. *Failure to state a claim*

■ Even assuming that plaintiff's amended complaint sounds in contract, plaintiff has not pleaded the existence of an express or implied-in-fact contract with Mr. Anderson. Further, plaintiff has not alleged that Mr. Anderson acted on behalf of the United States or that he had the authority to do so.

28 U.S.C. § 1491(a)(1) grants the Court of Federal Claims jurisdiction wherein privity of contract exists between the party bringing suit and the United States, *i.e.,* when the claim is based upon either an express or implied-in-fact contract. *Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed. Cir.1984); *United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1550 (Fed.Cir. 1983). To establish the existence of either an express or implied-in-fact contract, plaintiff must prove: "mutuality of intent, lack of ambiguity in offer and acceptance, and consideration." *Kentucky v. United States,* 27 Fed.Cl. 173, 176 (1992) (citing *Fincke v. United States,* 230 Ct.Cl. 233, 243–44, 675 F.2d 289, 295 (1982)); *see Ysasi v. Rivkind,* 856 F.2d 1520, 1525 (Fed.Cir.1988) (holding establishment of implied-in-fact contract requires proof of the same elements required for a showing of an express contract). Plaintiff admits that the United States was not a party to the Agreement; rather, plaintiff maintains that the Agreement allegedly reduced to writing Mr. Anderson's oath as an IRS officer.

The amended complaint does not allege that a meeting of the minds occurred or that Mr. Anderson and he had an oral understanding that served as the basis for the Agreement. Plaintiff even admits that Mr. Anderson failed to sign the Agreement. The only salient fact that plaintiff avers is that he sent Mr. Anderson the Agreement. The mere act of mailing a document, however, does not transform it into a contract. Moreover, plaintiff's argument that Mr. Anderson's bi-weekly paycheck constituted consideration fails because these paychecks did not form the basis of the alleged bargain between plaintiff and Mr. Anderson. Because plaintiff has failed to make bare bones allegations showing mutuality of intent, lack of ambiguity in offer and acceptance, and consideration, no claim based on express contract has been alleged.

Paragraph 23 of plaintiff's third amended complaint cannot be construed to plead an implied-in-fact contract on the basis that the United States "took possession of the intangibles offered," *i.e.,* plaintiff's constitutional and inherent rights, because the gravamen of the allegation is the same as alleging that the IRS engaged in an unauthorized collection action. In order to establish an implied-in-fact contract, plaintiff must allege facts and circumstances demonstrating that the parties "have taken upon themselves corresponding obligations and liabilities and have come to a meeting of [the] minds." *Kentucky,* 27 Fed. Cl. at 176 (citing *Porter v. United States,* 204 Ct.Cl. 355, 365, 496 F.2d 583, 590 (1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975)). If the amended complaint were within the court's jurisdiction, defendant's motion would be granted for failure to state a claim upon which relief can be granted.

### CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted. The

---

**9.** Congress also granted equitable powers to this court in 28 U.S.C. § 1491(a)(2), specifically, the authority to issue orders directing restoration to office, placement in appropriate duty or retirement status, and correction of applicable records.

**10.** The court can grant declaratory judgments in actions concerning tax exempt states organized under 28 U.S.C. § 1507 (1988).

Clerk of the Court shall enter judgment dismissing the third amended complaint without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**