LANCE C. STANDIFIRD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Standifird v. Commissioner
Docket No. 25922-93
United States Tax Court
T.C. Memo 1995-348; 1995 Tax Ct. Memo LEXIS 349; 70 T.C.M. (CCH) 218; July 31, 1995, Filed *349 Lance C. Standifird, pro se. For respondent: Susan Mathew. DAWSON, PAJAK
DAWSON; PAJAK
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted under Rule 40, and respondent's oral motion for a penalty under section 6673. For clarity and convenience our findings of fact and opinion are combined. Respondent determined a deficiency in petitioner's Federal income tax for 1991 in the amount of $ 10,974, as well as additions to tax under section 6651(a)(1) in the amount of $ 2,744 for failure to file a tax return for 1991, and under section 6654 in the amount of $ 628 for failure to pay estimated tax *350 for the same year. Respondent's determinations are based upon petitioner's failure to report $ 37,780 of self-employment income as set forth in a Form 1099 from Mobile Media, Incorporated. Petitioner resided in Mesa, Arizona, when his petition was filed. Petitioner alleged without proof that during 1991 "Petitioner was a non-resident alien" who had "not applied for permanent residence" within the United States. At trial, petitioner admitted he received $ 37,780 from Mobile Media, Incorporated for his services. Petitioner claims that he had a cost basis in his labor "equal to, if not greater than, the amount he received for the sale of his labor" to Mobile Media, Incorporated. He argues that there was no "realized and recognized gain, from which a tax can be imposed". Section 61 provides that gross income means "all income from whatever source derived," including (but not limited to) "Compensation for services" and "Gains derived from dealings in property". Petitioner's contention that he is not subject to taxation and therefore not liable for income taxes is without merit. The short answer to petitioner's assertions is that he is not exempt from Federal income tax. . *351 Petitioner in his petition and response to respondent's motion to dismiss makes groundless tax protester arguments. These protester arguments have been repeatedly rejected by this Court and others, including the Court of Appeals for the Ninth Circuit (the circuit to which an appeal would lie in this case), as inapplicable or without merit. See, e.g., , affg. ; , affg. ; ; . We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability", and "Clear and concise lettered statements of the facts on which petitioner bases *352 the assignments of error". We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency, and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1) provides: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of *353 $ 2,500. An appropriate order and decision will be enterd.