T.C. Memo. 2002-245

UNITED STATES TAX COURT

LANCE STANDIFIRD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8977-01L.              Filed September 26, 2002.

Lance Standifird, pro se.

<u>Erin K. Huss</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner, while residing in Mesa, Arizona, petitioned the Court under section 6330(d) to review respondent's determination as to his proposed levy upon petitioner's property. Respondent proposed the levy to collect 1990 and 1991 Federal income taxes (plus frivolous tax return penalties and interest)

of approximately $20,728 for 1990 and $30,737.52 for 1991.[1] Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121 and to impose a penalty under section 6673. Petitioner responded to respondent's motion under Rule 121(b).

We shall grant respondent's motion for summary judgment and shall impose a $7,500 penalty against petitioner. In addition, we dismiss for lack of jurisdiction the part of the petition with respect to the frivolous return penalties and related interest. Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

### Background

On October 15, 1992, petitioner filed a 1990 U.S. nonresident alien income tax return in which he reported zero taxable income. Petitioner reported that he was not a U.S. citizen and had not visited the U.S. in 1990. Petitioner stated that his country of residence was "America."

On September 22, 1995, respondent issued to petitioner a notice of deficiency for 1990. The notice determined that petitioner was liable for an $11,224 deficiency in his 1990 income tax and a $2,806 addition to tax under section 6651(a)(1)

---

[1] We use the term "approximately" because these amounts were computed before the present proceeding and have since increased on account of interest.

for failure to file a timely Federal income tax return. Petitioner did not petition the Court with respect to the notice. On March 4, 1996, respondent assessed petitioner's tax liability for 1990 as per the notice of deficiency.

On April 20, 1993, petitioner filed a 1991 U.S. nonresident alien income tax return in which he again reported zero taxable income. He further reported that he was not a U.S. citizen and that he was "stateless." Once again, petitioner stated that his country of residence was "America."

On September 3, 1993, respondent issued to petitioner a notice of deficiency for 1991. The notice determined that petitioner was liable for a $10,974 deficiency in his 1991 income tax, a $2,744 addition to tax under section 6651(a)(1) for failure to file a timely Federal income tax return and a $628 addition to tax under section 6654 for failure to pay estimated tax. Petitioner petitioned the Court with respect to the notice. On July 31, 1995, this Court dismissed that case for failure to state a claim upon which relief may be granted. Standifird v. Commissioner, T.C. Memo. 1995-348. On January 29, 1996, respondent assessed petitioner's tax liability for 1991 as per the notice of deficiency.

On February 12, 1999, respondent mailed to petitioner a Form L1058, "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" (final notice). The final notice

informed petitioner of (1) respondent's intention to levy under section 6331 and (2) petitioner's right under section 6330 to a hearing with respondent's Office of Appeals (Appeals). Enclosed with the final notice was a copy of Form 12153, Request for a Collection Due Process Hearing.

On March 13, 1999, petitioner sent to respondent the Form 12153 requesting the referenced hearing.

On August 28, 2000, Appeals officer Patrick J. Wilcox held with petitioner a hearing under section 6330. At the hearing, the Appeals officer provided petitioner with copies of the MFTRA-X transcript with respect to petitioner's income tax liabilities for 1990 and 1991. On September 8, 2000, the Appeals officer mailed to petitioner copies of the TXMODA transcripts for 1990 and 1991. Additionally, on September 12, 2000, the Appeals officer mailed to petitioner two Forms 4340, Certificate of Assessments, Payments and Other Specified Matters. The Forms 4340 were dated September 6, 2000, and were for 1990 and 1991 respectively.

On September 14, 2000, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1990 and 1991. This notice reflected the determination of Appeals to sustain the proposed levy.

On October 16, 2000, petitioner filed a Complaint with the United States District Court for the District of Arizona.  The Court dismissed that Complaint on June 12, 2001.  Stanifird v. Wilcox, 87 AFTR 2d 2585, 2001-2 USTC par. 50,492 (D. Ariz. 2001).

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).  In the case of such judicial review, the Court will review a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue.  The Court will review the Commissioner's administrative determination for abuse of

discretion with respect to other issues.  Sego v. Commissioner,
114 T.C. 604, 610 (2000).

Here, respondent notified petitioner that he was proposing
to levy upon petitioner's property in order to collect
petitioner's Federal income tax debt for 1990 and 1991.
Following the determination by Appeals that respondent's proposed
levy was proper, petitioner sought relief in this Court.[2]  The
only allegation by petitioner is that "the determination was made
without verification that the law and procedures were complied
with."

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials.  Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be
granted with respect to all or any part of the legal issues in
controversy "if the pleadings, answers to interrogatories,
depositions, admissions, and any other acceptable materials,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that a decision may be
rendered as a matter of law."  Rule 121(a) and (b); Sundstrand
Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965
(7th Cir. 1994).  The moving party bears the burden of proving

---

[2] Because we lack jurisdiction over the assessment of the
sec. 6702 frivolous return penalties, we shall dismiss for lack
of jurisdiction the related part of the petition.  Van Es v.
Commissioner, 115 T.C. 324 (2000).

that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As will be shown in the discussion that follows, petitioner has raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Petitioner argues that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). We disagree. First, section 6330(c)(1) does not require the Commissioner to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) to satisfy this verification requirement. Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Weishan v. Commissioner, T.C. Memo. 2002-88. Second, the Appeals officer is not required to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. 162 (2002). More importantly, in this case, petitioner not only

received copies of the MFTRA-X transcript but also Forms 4340[3] and TXMODA transcripts.  Even standing alone, the MFTRA-X transcript, which was reviewed by the Appeals officer at the hearing, is a valid verification that the requirements of any applicable law or administrative procedure have been met.[4] Roberts v. Commissioner, 118 T.C. 365 (2002); Mudd v. Commissioner, T.C. Memo. 2002-204; Howard v. Commissioner, T.C. Memo. 2002-81; Mann v. Commissioner, T.C. Memo. 2002-48.  We hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Yacksyzn v. Commissioner, T.C. Memo. 2002-99; cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner further contends that he did not receive "the notices of assessment for the alleged assessment of the income

---

[3] Petitioner is not prejudiced by the fact that he received Forms 4340 after the Appeals Office hearing.  Nestor v. Commissioner, 118 T.C. 162, 167 (2002).

[4] Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  The summary record of assessment must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.  The MFTRA-X transcript received by petitioner at the Appeals Office hearing contained all this information. Petitioner has not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the MFTRA-X transcript.  See Mann v. Commissioner, T.C. Memo. 2002-48.  We hold that the assessment made by respondent is valid.  See Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Duffield v. Commissioner, T.C. Memo. 2002-53.

taxes." He argues that there is no proof of mailing by respondent of the Notices of Assessment required by section 6303. The record shows otherwise. "The Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." Sec. 6303(a). If mailed, this notice and demand is required to be sent to the taxpayer's last known address. Id. Forms 4340 show that respondent sent petitioner notices of balance due on the same dates that respondent made assessments against petitioner for 1990 and 1991. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). Schaper v. Commissioner, T.C. Memo. 2002-203. In addition, petitioner in this case received numerous final notices (notices of intention to levy), as well as notices of deficiency, receipt of which petitioner does not dispute. These numerous notices were sufficient and met the requirements of section 6303(a). Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, T.C. Memo. 2002-88. "The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required

under 26 U.S.C. § 6303(a)." Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990).

Petitioner argues that the declaration of Erin K. Huss accompanying respondent's motion for summary judgment is insufficient to prove that "the Notices were mailed to the Petitioner's 'last known address' as required by § 6303." Petitioner claims that Ms. Huss "is not qualified to testify as to what address the Notices may or may not have been mailed" because "she has absolutely no personal knowledge of the facts that would establish that the Notices were mailed." We disagree with petitioner that the declaration is deficient. The declaration merely identifies documents contained in respondent's administrative file, all of which were submitted to the Court as part of respondent's motion for summary judgment. This argument by petitioner is without merit.

For the foregoing reasons, we sustain respondent's determination as to the proposed levy as a permissible exercise of discretion. We now turn to the requested penalty under section 6673.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or

groundless. We have repeatedly indicated our willingness to impose such penalties in collection review cases. Roberts v. Commissioner, supra. In Pierson v. Commissioner, 115 T.C. 576 (2000), taxpayers advancing frivolous and groundless claims and instituting proceedings under section 6330(d) for the purposes of delay were given unequivocal warning that the Court would impose penalties. See also Hoffman v. Commissioner, T.C. Memo. 2000-198. Moreover, we have imposed penalties in such proceedings when the underlying tax liability was not at issue and the taxpayer raised frivolous and groundless arguments as to the legality of the Federal tax laws. Yacksyzn v. Commissioner, supra; Watson v. Commissioner, T.C. Memo. 2001-213; Davis v. Commissioner, T.C. Memo. 2001-87.

Petitioner is a frequent litigator of groundless challenges to the validity of the Internal Revenue Code. See, e.g., Standifird v. United States, 41 Fed. Appx. 99 (9th Cir. 2002); Standifird v. Augustine, 74 AFTR 2d 94-5447, 94-2 USTC par. 50,530 (D. Ariz. 1994); Standifird v. United States, 32 Fed. Cl. 731 (1995). In a prior proceeding, this Court imposed upon petitioner a penalty under section 6673 of $2,500. Standifird v. Commissioner, T.C. Memo. 1995-348. Petitioner, however, continues to advance the same type of frivolous and groundless arguments as in the previous cases.

Petitioner, we believe, has instituted and maintained this proceeding primarily for delay.  His attention has been directed to our decision in <u>Davis v. Commissioner</u>, <u>supra</u>, wherein the Court imposed upon the taxpayer a $4,000 penalty under section 6673, for advancing frivolous and groundless claims.  Pursuant to section 6673, we require petitioner to pay to the United States a penalty of $7,500.

We have considered all arguments made by the parties and have found those arguments not discussed herein as irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered for</u>
<u>respondent</u>.