T.C. Memo. 2002-87

UNITED STATES TAX COURT

STEPHEN AND PATRICIA LINDSEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9014-00L.                    Filed April 2, 2002.

Stephen and Patricia Lindsey, pro sese.

<u>Kerry H. Bryan</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion for Summary Judgment, as supplemented,
filed pursuant to Rule 121(a).[1]  Respondent contends that there
is no genuine issue as to any material fact and that respondent's

---

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure.  Unless otherwise indicated, all section
references are to the Internal Revenue Code, as amended.

notice of determination should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

We are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  As explained in detail below, we shall grant respondent's Motion for Summary Judgment, as supplemented.

Background

On July 13, 1993, petitioners filed a petition for redetermination with the Court (assigned docket No. 14904-93) challenging a notice of deficiency that respondent issued to them for the taxable year 1989. See sec. 6213(a). On May 17, 1995, the Court entered a decision in docket No. 14904-93 pursuant to agreement of the parties. The decision provided that petitioners were liable for a deficiency in income tax in the amount of $51,161 and an accuracy-related penalty under section 6662(a) in the amount of $10,232.20.

On March 4, 1997, petitioners executed a Form 4549, Income Tax Examination Changes, in which they agreed to deficiencies in their Federal income taxes for 1991, 1992, and 1993 in the amounts of $211,077, $258,223, and $192,048, respectively.

On March 4, 1999, respondent issued to petitioner Stephen Lindsey a Final Notice/Notice of Intent to Levy and Notice of Your Right to a Hearing. This notice stated that petitioner owed Federal income tax, penalty, and interest for 1989, 1990, 1991, 1992, and 1993 in the amounts of $145,261.58, $278,199.30, $393,398.51, $448,778.08, and $312,634.68, respectively, and that respondent was preparing to collect the amounts due by levy. On March 5, 1999, respondent issued to petitioner Patricia Lindsey a Final Notice/Notice of Intent to Levy and Notice of Your Right to

a Hearing that was identical to the final notice issued to her husband.

On or about March 23, 1999, petitioners filed with respondent a Form 12153, Request for a Collection Due Process Hearing, in which they challenged the proposed collection action on the ground that there was no valid summary record of assessment.

On December 21, 1999, Settlement Officer Sherwin Cogan wrote a letter to petitioners outlining the collection review process and enclosing transcripts of account taken from respondent's Integrated Data Retrieval System (IDRS transcripts of account). The IDRS transcripts of account listed by date and amount the assessments made against petitioners for the taxable years 1989 through 1993.

On May 11, 2000, Settlement Officer Carl Carter conducted an Appeals Office hearing with petitioners' representative, Thomas W. Roberts. During the hearing, Settlement Officer Carter incorrectly stated that petitioners had executed agreements during the examination process conceding adjustments to their tax liabilities for the each of the years in dispute. Settlement Officer Carter declined to provide Mr. Roberts with copies of any such agreements during the Appeals Office hearing. However, on May 15, 2000, Settlement Officer Carter wrote to Mr. Roberts and provided him with a copy of the Form 4549 that petitioners

executed on March 4, 1997, with respect to their tax liabilities for 1991, 1992, and 1993.

Settlement Officer Carter retired from the Internal Revenue Service on July 1, 2000, and petitioners' case was transferred to Settlement Officer Laurel Minder. In early August 2000, Settlement Officer Minder prepared an Appeals transmittal memorandum and case memorandum that stated in part:

> Stephen and Patricia Lindsey signed the Form 4549 agreeing to the examination deficiencies for periods ended 12/31/91, 12/31/92 and 12/31/93. The period ended 12/31/89 does not indicate that the taxpayers agreed to this examination deficiency. Review of IDRS for the period ended 12/31/90 show that the taxpayers signed form 870 with Examination on March 7, 1997 agreeing to this deficiency.[2]  * * *
>
> The taxpayers are also claiming that their tax status is that of "non resident alien". They claim that they have no filing requirements or taxable income for the above periods. * * *

The record does not include a copy of the Form 870 that petitioners purportedly executed on March 7, 1997, with respect to their tax liability for 1990.

On August 9, 2000, the Appeals Office issued to petitioners a joint Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent would

_____

[2] Execution of Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, by a taxpayer signifies the taxpayer's agreement to adjustments proposed by the Commissioner and the taxpayer's consent to the immediate assessment of the resulting tax liability.

proceed with collection against petitioners for the taxable years 1989 through 1993. Petitioners filed with the Court a timely Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) challenging respondent's notice of determination.[3] The petition includes allegations that respondent erred by failing to: (1) Obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); and (2) identify the assessment officer that prepared the Forms 23C, Summary Record of Assessment, for the years in issue.

After respondent filed an answer to the petition, respondent filed a Motion for Summary Judgment and Declaration, attaching thereto Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for each of the years in issue. Petitioners filed a response to respondent's motion. Petitioners assert that material issues of fact remain in dispute regarding the documents that Settlement Officer Carter relied on at the Appeals Office hearing to verify that the requirements of all applicable laws and administrative procedures were met with regard to the disputed assessments.

This matter was called for hearing at the Court's motions sessions held in Washington, D.C., on November 14, 2001, December

---

[3] At the time that the petition was filed, petitioners resided in Garden Grove, California.

5, 2001, and February 6, 2002. Counsel for respondent appeared at the hearings and presented argument in support of respondent's motion. No appearance was made by or on behalf of petitioners at any of the hearings.

Respondent filed a supplement and a second supplement to his Motion for Summary Judgment attaching thereto declarations executed by Settlement Officers Carter and Minder and TXMODA transcripts of account with regard to petitioners' taxable years 1989 through 1993. Petitioners filed a supplemental response to respondent's Motion for Summary Judgment attaching thereto a declaration executed by Mr. Roberts.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy action until the person has been given notice and the opportunity for an administrative

review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioners do not challenge the existence or the amount of their underlying tax liabilities for the years in question. Petitioners simply assert that the settlement officer failed, either before or during the Appeals Office hearing, to verify that respondent made valid assessments against petitioners for the taxes alleged to be due. We disagree.

Federal tax assessments are formally recorded on a summary record of assessment. Sec. 6203. The summary record must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Contrary to petitioners' position, section 6330(c)(1) does not require the Commissioner to rely on a particular document to verify that the requirements of any applicable law or administrative procedure have been met in a collection matter. See Kuglin v. Commissioner, T.C. Memo. 2002-51. Nor is respondent obliged to provide the taxpayer with a copy of the verification. See Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

The record in this case shows that the settlement officer obtained and reviewed IDRS transcripts of account with regard to petitioners' taxable years 1989 through 1993 prior to the Appeals Office hearing. The IDRS transcripts of account contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. Kuglin v. Commissioner, supra. The record also includes Forms 4340 and TXMODA transcripts that serve to supplement and substantiate the information contained in the IDRS transcripts of account. See Davis v. Commissioner, supra at 40-41 (Form 4340 is presumptive evidence that an assessment was made

against a taxpayer).

Petitioners have not alleged any irregularity in the assessment process that would raise a question about the validity of the assessments or the information contained in the transcripts of account or the Forms 4340. Id.; Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the settlement officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated August 9, 2000.

Finally, we mention section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalties in collection review

cases.  <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).  Although we shall not impose a penalty upon petitioners pursuant to section 6673(a)(1), we admonish petitioners that the Court will consider imposing such a penalty should they return to the Court and advance similar arguments in the future.

To reflect the foregoing,

<u>An order granting respondent's</u> <u>motion for summary judgment, as</u> <u>supplemented, and decision will be</u> <u>entered.</u>