T.C. Memo. 2002-88


UNITED STATES TAX COURT


WAYNE A. AND MARYKAY WEISHAN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10025-01L.            Filed April 4, 2002.


Wayne A. and Marykay Weishan, pro sese.

Karen Lynne Baker, Alan C. Levine, and Wendy S. Harris, for
respondent.


MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge: This matter is before
the Court on respondent's motion to dismiss for failure to state
a claim upon which relief may be granted and to impose a penalty

under section 6673.[1]  Because respondent has presented matters outside of the pleadings, we treat respondent's motion to dismiss as a motion for summary judgment pursuant to Rule 121.  See Rule 40.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1]  Section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

We are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. As explained in detail below, we shall grant respondent's motion for summary judgment, although we shall deny respondent's request for the imposition of a penalty under section 6673(a).

Background

On June 18, 1999, respondent issued a notice of deficiency to petitioners determining a deficiency of $9,817 in their Federal income tax for 1997 and an accuracy-related penalty in the amount of $496.40. On July 26, 1999, petitioners wrote a letter to respondent that stated in pertinent part: "Before I file, pay, or take action with respect to your 'Notice' I must first establish whether or not it was sent pursuant to law, whether or not it has the 'force and effect of law', and whether you have any authority to send me such 'Notice' in the first place." Petitioners did not file a petition for redetermination with the Court challenging the notice of deficiency.

On December 27, 1999, respondent mailed a letter to petitioners informing them that their account for 1997 had been changed to reflect assessments for the adjustments set forth in the above-described notice of deficiency and the imposition of statutory interest of $425.92, reduced by a credit for withholding taxes of $7,335.18, leaving a balance due of $3,404.94. The letter included a request that petitioners pay

the amount due by January 17, 2000. On January 9, 2000, petitioners wrote a letter to respondent challenging respondent's December 27, 1999, letter as a "bootleg, fraudulent document".

On July 22, 2000, respondent mailed to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. The notice stated that petitioners owed taxes and statutory additions totaling $3,738.23 for 1997, and that respondent was preparing to collect the amount due by levy.

Petitioners filed with respondent a Request for a Collection Due Process Hearing that included allegations that respondent was barred from proceeding with collection because petitioners were not served with a valid notice of deficiency or notice and demand for payment. Petitioners also challenged the validity of the underlying assessment and requested that respondent provide them with a copy of a summary record of assessment.

On May 9, 2001, the Appeals Office issued a letter to petitioners informing them that their administrative hearing was scheduled for June 11, 2001. Along with the letter, the Appeals Office provided petitioners with a transcript of their account for 1997 that showed that a credit was posted to petitioners' account for withheld taxes of $7,335.18 on April 15, 1998. The transcript of account also showed that petitioners filed their 1997 tax return reporting a tax liability of zero on September 7, 1998, and three assessments were entered against petitioners for

tax, penalties, and interest of $9,817.80, $496.40, and $425.92, respectively, on December 27, 1999.

Petitioners attended the Appeals Office hearing conducted on June 11, 2001. During the hearing, petitioners challenged the validity of the notice of deficiency dated June 18, 1999, asserted that they did not receive a notice and demand for payment under section 6303(a), and argued that the transcript of account (described above) was insufficient to satisfy the verification requirement imposed upon the Appeals Office under section 6330(c)(1). On July 12, 2001, respondent issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent would proceed with collection.

On August 10, 2001, petitioners filed with the Court a petition for review of respondent's notice of determination. The petition included the same allegations and arguments that petitioners raised at the Appeals Office hearing. In response to the petition, respondent filed a motion to dismiss for failure to state a claim upon which relief may be granted and to impose a penalty under section 6673. Respondent contends that, because the record shows that petitioners received the notice of deficiency dated June 18, 1999, petitioners are barred under section 6330(c)(2)(B) from challenging the notice of deficiency and/or their underlying tax liability in this proceeding.

Respondent further asserts that respondent's letter to petitioners dated December 27, 1999, served as a notice and demand for payment under section 6303(a), and that the transcript of account provided to petitioners in advance of the Appeals Office hearing satisfied the verification requirement imposed under section 6330(c)(1).

This matter was called for hearing at the Court's motions session held in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion. Although no appearance was made by or on behalf of petitioners at the hearing, petitioners did file with the Court a written statement pursuant to Rule 50(c).

Discussion

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a person's property until the person has been given notice of and the opportunity for an administrative review of the matter. Under section 6330(d), judicial review of the administrative determination may be obtained in either the Tax Court or Federal District Court.

In Goza v. Commissioner, 114 T.C. 176 (2000), we explained that section 6330 provides for administrative and judicial review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action,

and possible alternative means of collection.  Section 6330(c)(2)(B) provides that neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office hearing unless the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.  The taxpayer in Goza had received a notice of deficiency, yet failed to file a petition for redetermination with the Court.  When the taxpayer subsequently attempted to use the Court's collection review procedure as a forum to assert frivolous and groundless constitutional arguments against the Federal income tax, the Court dismissed the petition for failure to state a claim upon which relief can be granted.

As was the case in Goza v. Commissioner, supra, petitioners received a notice of deficiency for the year in issue and failed to file a timely petition for redetermination with the Court.  It follows that section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their underlying tax liability in this collection review proceeding.  Even if petitioners were permitted to challenge their underlying tax liability, their argument that respondent cannot assess an amount in excess of that reported in their tax return is frivolous and groundless.

We likewise reject petitioners' assertion that the Appeals officer failed to verify that all applicable laws and procedures were complied with as required under section 6330(c)(1). First, the record shows that the letter that respondent issued to petitioners dated December 27, 1999, served as a notice and demand for payment. In particular, the letter informed petitioners that changes had been made to their account for 1997 and requested that they pay the amount due by January 17, 2000. The issuance of this letter corresponded with the date of assessment of tax, penalties, and interest as reflected in the transcript of account that respondent provided to petitioners before the Appeals Office hearing. We hold that the letter constituted a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992).

We also reject petitioners' assertion that the Appeals officer's reliance on a transcript of account was insufficient verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required under section 6330(c)(1). Petitioners assert that they are entitled to a copy of a record of assessment.

Federal tax assessments are formally recorded on a summary record of assessment. Sec. 6203. The summary record of assessment must "provide identification of the taxpayer, the

character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely upon a particular document (i.e., the summary record itself rather than a transcript of account) to satisfy the verification requirement imposed therein. Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we note that the transcript of account that the Appeals officer relied upon in this case contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. Id.

Petitioners have not demonstrated any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account. See Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement imposed under section 6330(c)(1).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, and there being no dispute

as to a material fact, it follows that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated July 12, 2001.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalties in collection review cases. Pierson v. Commissioner, 115 T.C. 576 (2000). Although we shall not impose a penalty upon petitioners pursuant to section 6673(a)(1), we admonish petitioners that the Court will consider imposing such a penalty should they return to the Court and advance similar arguments in the future.

To reflect the foregoing,

An order and decision will be entered granting respondent's motion for summary judgment and denying respondent's request for the imposition of a penalty pursuant to section 6673(a).