T.C. Memo. 2002-203

UNITED STATES TAX COURT

MICHAEL SCHAPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3049-02L.                Filed August 13, 2002.

Michael Schaper, pro se.

<u>Alan J. Tomsic</u> and <u>Scott A. Hovey</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's Motion For Summary Judgment, filed
pursuant to Rule 121.[1]  Respondent contends that there is no

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

dispute as to any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

A.  Petitioner's Form 1040 for 1997

On or about September 10, 1998, Michael Schaper (petitioner) and his wife, Roberta Schaper, submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997.  On the Form 1040, the Schapers listed their filing status as "Married filing joint return".

The Schapers entered zeros on applicable lines of the income portion of their Form 1040, specifically including line 7 for wages, line 22 for total income, and lines 32 and 33 for adjusted gross income.  The Schapers also entered a zero on line 53 for total tax.  The Schapers claimed an overpayment in the amount of $2,065 related to Federal income tax withholding.  The Schapers attached to their Form 1040 a Form W-2, Wage and Tax Statement, issued to petitioner by Viking Freight, Inc., disclosing that petitioner was paid wages in the amount of $46,359.33 and that Federal income tax in the amount of $2,065.46 was withheld.

B.  Respondent's Deficiency Notice and Petitioner's Response

On March 3, 2000, respondent issued a joint notice of deficiency to the Schapers.  In the notice, respondent determined a deficiency in the amount of $4,736 in the Schapers' Federal income tax for 1997, an addition to tax under section 6651(a)(1) in the amount of $667.75, and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or

regulations in the amount of $534.20.  The deficiency was based principally on respondent's determination that petitioner failed to report the wage income as reported to respondent by Viking Freight, Inc., on Form W-2.

By registered letter dated May 19, 2000, petitioner wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated March 3, 2000, but challenging the Director's authority "to send me the Notice in the first place."

Petitioner knew that he had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[2]  However, petitioner chose not to do so.  Accordingly, on August 7, 2000, respondent assessed the determined deficiency, addition to tax, and accuracy-related penalty, as well as statutory interest.  On that same day, respondent sent petitioner a notice of balance due, informing petitioner that he had a liability for 1997 and requesting that he pay it.  Petitioner failed to do so.

---

[2]  In this regard, petitioner's letter dated May 19, 2000, stated in pertinent part:

> According to your "Deficiency Notice" of above date (cover sheet attached), there is an alleged deficiency with respect to my 1997 income tax * * * and if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court."

C. Respondent's Final Notice and Petitioner's Response

On November 16, 2000, respondent sent the Schapers a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice). The Final Notice was issued in respect of the Schapers' outstanding tax liability for 1997.

On December 13, 2000, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner's request stated that he was challenging the validity of the assessments for 1997 on the grounds there is no statute imposing tax liability upon him and he was not served with a valid notice and demand for payment.

D. The Appeals Office Hearing

By letter dated May 9, 2001, the Appeals Office provided petitioner with a transcript of his account for the taxable year 1997. On June 14, 2001, Appeals Officer Wiley Davis conducted an Appeals Office hearing that petitioner attended. According to a purported transcript of the hearing prepared by petitioner, petitioner declined to discuss collection alternatives. Rather, petitioner stated that he wished to challenge his underlying tax liability, and he requested that the Appeals officer provide verification that all applicable laws and administrative procedures were followed in the assessment and collection process.

E.  Respondent's Notice of Determination

On December 11, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had determined that it was appropriate for respondent to proceed with the collection of petitioner's outstanding tax liability for 1997.

F.  Petitioner's Petition

On February 7, 2002, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[3]  The petition includes allegations that:  (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) petitioner never received a notice and demand for payment or valid notice of deficiency; and (3) petitioner was denied the opportunity to raise "relevant issues".

G.  Respondent's Motion for Summary Judgment

As indicated, respondent filed a Motion For Summary Judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In

---

[3]  At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.  The envelope bearing the petition contains a timely U.S. Postal Service postmark dated Jan. 9, 2002.  See secs. 6330(d)(1), 7502.

particular, respondent contends that because petitioner received the notice of deficiency dated March 3, 2000, he cannot challenge the existence or amount of his underlying tax liability for 1997 in this proceeding. Respondent further contends that the Appeals officer's review of a transcript of account with regard to petitioner's liability for 1997 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioner was issued a notice and demand for payment.

Petitioner filed an objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

A. Statutory Framework

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given

notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

B. Summary Judgment

Petitioner challenges the assessments made against him on the ground that the notice of deficiency dated March 3, 2000, is invalid. However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file a

petition for redetermination with this Court.  See sec. 6213(a).

It follows that section 6330(c)(2)(B) generally bars petitioner

from challenging the existence or amount of his underlying tax

liability in this collection review proceeding.

Even if petitioner were permitted to challenge the validity

of the notice of deficiency, petitioner's argument that the

notice is invalid because respondent's Service Center director is

not properly authorized to issue notices of deficiency is

frivolous and groundless.  See Nestor v. Commissioner, 118 T.C.

162, 165 (2002); Goza v. Commissioner, supra.  Further, as the

Court of Appeals for the Fifth Circuit has remarked: "We perceive

no need to refute these arguments with somber reasoning and

copious citation of precedent; to do so might suggest that these

arguments have some colorable merit."  Crain v. Commissioner, 737

F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that

petitioner is a taxpayer subject to the Federal income tax, see

secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor

or services rendered constitutes income subject to the Federal

income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d

1014, 1016 (9th Cir. 1981).

We likewise reject petitioner's argument that the Appeals

officer failed to obtain verification from the Secretary that the

requirements of all applicable laws and administrative procedures

were met as required by section 6330(c)(1).  The record shows

that the Appeals officer obtained and reviewed a transcript of account with regard to petitioner's taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.  In this regard, we observe that a transcript of account such as the one relied upon by the Appeals officer in this case contains all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the

transcript of account.  See <u>Davis v. Commissioner</u>, <u>supra</u> at 41;

<u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold

that the Appeals officer satisfied the verification requirement

of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C.

117, 120-121 (2001).

Petitioner also contends that he never received a notice and

demand for payment for 1997.  The requirement that the Secretary

issue a notice and demand for payment is set forth in section

6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not
> otherwise provided by this title, the Secretary shall,
> as soon as practicable, and within 60 days, after the
> making of an assessment of a tax pursuant to section
> 6203, give notice to each person liable for the unpaid
> tax, stating the amount and demanding payment thereof.
> * * *

The transcript of account that the Appeals officer relied on

during the administrative process shows that respondent sent

petitioner a notice of balance due on the same date that

respondent made assessments against petitioner for the tax,

addition to tax, and accuracy-related penalty determined in the

notice of deficiency.  A notice of balance due constitutes a

notice and demand for payment within the meaning of section

6303(a).  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536

(9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen
v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  Under the circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated December 11, 2001.

In order to give effect to the foregoing,

<u>An appropriate order granting respondent's motion and decision for respondent will be entered</u>.