T.C. Memo. 2004-6


UNITED STATES TAX COURT



MICHAEL CIPOLLA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7131-02L.                 Filed January 5, 2004.


Michael Cipolla, pro se.

Theresa G. McQueeney, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


HALPERN, Judge:  Pursuant to section 6330(d), petitioner
seeks review of respondent's determination to proceed with
collection of his 1997 income tax.[1]  On December 2, 2002,
respondent orally moved to have the Court impose against

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

petitioner a penalty pursuant to section 6673.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.  The stipulation of facts, with attached exhibits, is incorporated herein by this reference.

At the time he filed his petition, petitioner resided in Brooklyn, New York.

Petitioner's Form 1040 for 1997

On or about April 15, 1998, petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for 1997.  Petitioner did not describe his occupation on the Form 1040, although he did attach a Form W-2, Wage and Tax Statement, identifying him as an employee.

Petitioner entered zeros on all lines of the income portion of his Form 1040, specifically including line 7, for wages, line 9, for dividends, line 11, for alimony received, line 22, for total income, and lines 32 and 33, for adjusted gross income.  He also indicated his taxable income to be zero.  Petitioner entered a zero on line 39 for tax.  Petitioner then claimed a refund in the amount of $6,988.40, which was equal to the amount of Federal income tax that had been withheld from his wages by his employer.

The Form W-2 attached to the above Form 1040 disclosed the payment of wages to petitioner during 1997.  The Form W-2 was from New York Telephone Company; it disclosed the payment of

$60,833.32 of wages to petitioner and the withholding of Federal income tax in the amount of $6,988.40.

Petitioner also attached to his Form 1040 a two-page typewritten statement that stated, in part:

> I, Michael Cipolla, am submitting this as part of my 1997 income tax return.
> Even though I know that no section of the Internal Revenue Code:
> 1) establishes an income tax "liability" * * *;
> 2) provides that income taxes "have to be paid on the basis of a return" * * *;
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
>     a) In one place it states that I need only file a return for "any tax" I may be liable for. Since no Code section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return;
>
>       *     *     *     *     *     *     *
>
> 7) It should also be noted that I had "zero" income according to the Supreme Court's definition of income (See note #1) * * *
> 8) Please note that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.
> 9) I am also putting the I.R.S. on notice that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code section 6702.
> * * *
> 11) In addition, don't notify me that the I.R.S. is "changing" my return, since there is no statute that allows the I.R.S. to do that. You might prepare a return (pursuant to Code section 6020b) where no return is filed, but where, as in this case, a return has been filed, no statute authorizes I.R.S. personnel to "change" that return.
>
>       *     *     *     *     *     *     *
>
> Note #1: The word "income" is not defined in the Internal Revenue Code. * * * But, as stated above,

it can only be a derivative of corporate activity.
* * *

Respondent's Notice of Deficiency

On February 23, 2000, respondent (acting through Carol M. Landy, Director of the Brookhaven Customer Service Center in Holtsville, New York) issued a notice of deficiency to petitioner for 1997.  In the notice of deficiency, respondent determined a deficiency of $12,113 in Federal income tax.[2]  Respondent determined that petitioner failed to report wages of $60,833, as well as dividends of $20, a gross distribution of $222, interest of $33, and a prior year refund of $341.

Petitioner received the notice of deficiency.  Petitioner did not file a petition for redetermination with the Tax Court.

On September 11, 2000, respondent assessed the determined deficiency, plus statutory interest.  On that same date, respondent sent petitioner a notice of balance due.  Petitioner failed to pay the amount owing.

Respondent's Notice of Intent To Levy and Petitioner's Response

On January 18, 2001, respondent sent petitioner a notice entitled: "Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing."

---

[2]  Respondent determined the deficiency without taking into account the tax withheld from petitioner's wages, as a statutory notice of deficiency does not take such withheld amount into account.  See secs. 31(a), 6211(b)(1).  However, insofar as petitioner's ultimate tax liability is concerned, respondent gives petitioner credit for the amount withheld from his wages.

On January 29, 2001, petitioner submitted to respondent Form 12153, Request for a Collection Due Process Hearing. In the request, petitioner stated that he would explain all his reasons for opposing the proposed levy at the hearing.

The Appeals Office Hearing

In communications and correspondence between petitioner and respondent's Appeals Office from June 5, 2001, through December 4, 2001, petitioner raised several tax protestor arguments regarding his 1997 tax liability.

By letter dated December 5, 2001, Appeals Officer Phyllis Cayenne (the Appeals officer) scheduled an administrative hearing with petitioner at respondent's Manhattan Appeals Office in New York City. In her letter to petitioner, the Appeals officer continued and stated, in part:

> Our jurisdiction in * * * [this case] is limited to
> hearing relevant issues relating to unpaid tax,
> including appropriate spousal defenses, challenges to
> the appropriateness of collection actions, offer[s] of
> collection alternatives and challenges to the
> underlying tax liability, if you did not receive a
> statutory notice of deficiency or did not otherwise
> have an opportunity to dispute the liability. Your
> letter dated 6/5/2001 to * * * [respondent's Appeals
> Office] only provided constitutional arguments and did
> not include relevant issues that we may consider.
>
>       *      *      *      *      *      *      *
>
> The arguments raised in your letter of 6/5/2001 are
> frivolous and your positions have no basis in law.
> Arguments such as yours have been considered and
> rejected repeatedly as being without merit by Federal
> courts, including the Supreme Court of the United
> States. Pursuing them in a Federal court could lead to

monetary sanctions being imposed against you. * * *

On or about December 7, 2001, petitioner sent a letter to the Appeals officer, responding to her December 5 letter. That response by petitioner included, inter alia, a challenge to the underlying tax liability for 1997, as well as allegations including: (1) Petitioner never received a "valid" notice of deficiency; (2) no valid assessment of an income tax liability for 1997 had been made against petitioner; and (3) petitioner had not been issued a notice and demand for payment as required under section 6303. Petitioner also requested verification from the Secretary that all applicable laws and administrative procedures were followed with respect to the 1997 tax liability.

On December 20, 2001, petitioner attended an administrative hearing in New York City conducted by the Appeals officer. At the hearing, the Appeals officer provided petitioner with a literal transcript of petitioner's account for 1997.

Respondent's Notice of Determination

On March 14, 2002, respondent's Appeals Office issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that the proposed levy against him for 1997 should be sustained.

Petitioner's Petition and Respondent's Motion To Have a Penalty Imposed Against Petitioner Pursuant to Section 6673

On April 8, 2002, petitioner filed with the Tax Court his petition seeking review of respondent's notice of determination.

The petition included allegations that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioner liable for Federal income tax; (3) petitioner never received a "proper" notice of deficiency; (4) petitioner was not lawfully assessed a tax liability for 1997; (5) petitioner never received a notice and demand for payment; and (6) petitioner was denied the opportunity to challenge the existence or the amount of the underlying tax liability for 1997.

On December 2, 2002, at the trial in this case, respondent orally moved to have this Court impose against petitioner a penalty pursuant to section 6673 in the amount of $25,000.

OPINION

If any person neglects or refuses to make payment of any assessed Federal tax liability within 10 days of notice and demand, the Secretary is authorized to collect the assessed tax by levy on that person's property. Sec. 6331(a). As a general rule, at least 30 days before taking such action, the Secretary must provide the person with a written final notice of intent to levy that describes, among other things, the administrative appeals available to the person. Sec. 6331(d)(1), (4).

Upon request, the person is entitled to an administrative review hearing before respondent's Appeals Office. Sec. 6330(b)(1). If dissatisfied with the Appeals Office determination, the person may seek judicial review in the Tax Court or a Federal District Court, as appropriate. Sec. 6330(d). Generally, action on the proposed levy is suspended during the pendency of the administrative review hearing and any judicial review proceeding. Sec. 6330(e)(1).

Section 6330(c) prescribes the relevant matters that a person may raise at an Appeals Office hearing, including spousal defenses, the appropriateness of respondent's proposed collection action, and possible alternative means of collection. A taxpayer may contest the existence or amount of the underlying tax liability at an Appeals Office hearing only if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

Where the underlying tax liability is not at issue, we generally review determinations made by the Appeals Office for an abuse of discretion. E.g., Magana v. Commissioner, 118 T.C. 488, 493 (2002).

Notice of Deficiency

Petitioner received a notice of deficiency for 1997. He is, therefore, not entitled to challenge the underlying tax liability

at the hearing conducted under section 6330.  Sec. 6330(c)(2)(B).
Nonetheless, he argues that the notice of deficiency was not
signed by someone in authority and was invalid.  This position is
frivolous and groundless.  Nestor v. Commissioner, 118 T.C. 162,
165-166 (2002) (noting that Directors of Service Centers have
been delegated the authority to issue notices of deficiency);
Koenig v. Commissioner, T.C. Memo. 2003-40 n.4; see Schmith v.
Commissioner, T.C. Memo. 2002-252 (taxpayer's denial of receiving
"valid" notice of deficiency did not mean the taxpayer failed to
receive notice of deficiency).

Verification Requirement

We likewise reject petitioner's argument that the Appeals
officer failed to obtain verification from the Secretary that the
requirements of all applicable laws and administrative procedures
were met as required by section 6330(c)(1).  The record shows
that the Appeals officer obtained and reviewed a literal
transcript of petitioner's account for 1997, and that she
provided this transcript of account to petitioner at his Appeals
hearing.  The information in this transcript is also contained in
the Form 4340, Certificate of Assessments, Payments and Other
Specified Matters, that the parties stipulated in evidence.
Section 6330(c)(1) does not require the Commissioner to rely on a
particular document (e.g., the summary record itself rather than
a transcript of account) to satisfy the verification requirement

imposed therein.  See <u>Roberts v. Commissioner</u>, 118 T.C. 365, 371 n.10, and cases cited threat; <u>Standifird v. Commissioner</u>, T.C. Memo. 2002-245, affd. 72 Fed. Appx. 729 (9th Cir. 2003); <u>Weishan v. Commissioner</u>, T.C. Memo. 2002-88.  In this regard we note that the transcript provided all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See <u>Weishan v. Commissioner</u>, <u>supra</u>; <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87, affd. 56 Fed. Appx. 802 (9th Cir. 2003).[3]

Petitioner has not raised any irregularity in the assessment procedure that would raise a legitimate question about the validity of the assessment or the information contained in the transcript and the Form 4340.  Accordingly, we conclude that the Appeals officer here satisfied the verification requirement of section 6330(c)(1).

<u>Notice and Demand</u>

We similarly reject petitioner's argument that he never received a notice and demand for payment of his unpaid tax liability for 1997.  The Form 4340 shows that respondent sent

---

[3] As indicated above, the Appeals officer provided petitioner at his Appeals hearing with the literal transcript of his account that she reviewed.  Sec. 6330(c)(1) does not even require an Appeals officer, at or prior to a collection due process hearing, to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met.  Sec. 301.6330-1(e)(1), Proced. & Admin. Regs., requires that the Appeals officer obtain verification before issuing the determination, not that he or she provide it to the taxpayer.  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166-167 (2002).

petitioner a notice of balance due on the date that respondent assessed the tax and interest for 1997. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Schaper v. Commissioner, T.C. Memo. 2002-203; Weishan v. Commissioner, supra. The notice of balance due was sufficient to constitute notice and demand within the meaning of section 6303(a) because it informed petitioner of the amount owed and requested payment. Standifird v. Commissioner, supra; see Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990) ("The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. section 6303(a).")

Conclusion

Based upon our examination of the record before us, we find that respondent did not abuse his discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid income tax liability for taxable year 1997. In making that finding, we have considered all arguments made by petitioner, and to the extent not mentioned above, conclude them to be irrelevant or without merit.

In respondent's motion, respondent requests that the Court impose against petitioner a penalty pursuant to section 6673 in

the amount of $25,000.  In pertinent part, section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

As evidenced by the petition and petitioner's subsequent arguments, petitioner's legal arguments are frivolous and he has no grounds justifying his claim that the Appeals officer erred in any manner.  We can see no reason for the petition but to delay the collection of the 1997 income tax owing from petitioner. Petitioner has not only wasted his time, but he has wasted the time of respondent's agents, officers, and counsel, not to mention the waste of the Court's time in disposing of this case. We shall not penalize petitioner in the amount, $25,000, requested by respondent, but we do believe that petitioner deserves a significant section 6673 penalty.  We shall therefore require petitioner pursuant to section 6673(a)(1) to pay to the United States a penalty in the amount of $7,500.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.