T.C. Summary Opinion 2010-24

UNITED STATES TAX COURT


WAYNE J. CONSTANTINE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27172-07S.                    Filed March 2, 2010.


Wayne J. Constantine, pro se.

<u>Russell F. Kurdys</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

The instant case arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The issue presented is whether respondent may proceed with the collection action as so determined. Before the Court now is respondent's Motion For Summary Judgment And To Impose a Penalty Under I.R.C. Section 6673.

## Background

Petitioner resided in the Commonwealth of Pennsylvania when the petition was filed.

### Petitioner's Income Tax Liability for 2003

Petitioner did not file a Federal income tax return for 2003. Respondent generated a Substitute for Return pursuant to section 6020(b) and, consistent with deficiency procedures, assessed the tax due. See secs. 6212, 6213.

### Final Notice of Intent to Levy

On April 2, 2007, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. See sec. 6330(a).

On May 2, 2007, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner indicated the reason for disagreement

with the proposed levy as "see attached pages", but no additional pages were attached.  The Form 12153 also requested the hearing to be a face-to-face hearing.

Administrative Developments

A settlement officer from respondent's Appeals Office was assigned to petitioner's collection case.  In a letter dated September 4, 2007, the settlement officer offered petitioner a telephone hearing on September 25, 2007.  The settlement officer also afforded petitioner the opportunity for a correspondence conference and requested that petitioner submit financial information so that the settlement officer could consider collection alternatives.  Petitioner did not submit the financial information, nor did he call for the telephone hearing on September 25, 2007.

On October 26, 2007, respondent's Appeals Office issued a notice of determination sustaining respondent's proposed levy. The notice of determination included a warning that should petitioner petition this Court, he might be subject to a sanction for instituting or maintaining an action primarily for delay or for taking a position that is frivolous or groundless, citing as precedent Pierson v. Commissioner, 115 T.C. 576 (2000).

On the basis of that notice, petitioner petitioned this Court, alleging that the levy action was "illegal" because "no notice of lien was ever filed" and that respondent is without

authority to collect Federal income taxes "because their Pocket Commission denies said authority."

On October 2, 2008, respondent filed a Motion To Remand this case back to respondent's Appeals Office so that petitioner could have the face-to-face hearing he had requested on the Form 12153. By Order dated October 20, 2008, the Court granted respondent's Motion To Remand and ordered the parties to submit status reports by January 21, 2009. The Court also ordered that the face-to-face hearing be conducted by an Appeals officer (or settlement officer) with no prior involvement in the case.

On November 6, 2008, a second settlement officer sent petitioner a letter scheduling a face-to-face conference on December 4, 2008. Petitioner and the settlement officer met at the appointed time and petitioner presented only frivolous arguments, including challenging the Commissioner's authority to make Federal income tax assessments.

On December 12, 2008, petitioner telephoned the settlement officer to request additional information regarding collection alternatives. Later that same day, the settlement officer sent petitioner a letter listing collection alternatives and stating that before respondent could consider a collection alternative, petitioner must be in compliance with Federal tax laws by filing all required delinquent tax returns and submitting a Form 433-A, Collection Information Statement for Wage Earners and Self-

Employed Individuals. With the letter the settlement officer included a Form 433-A and a booklet describing offers-in-compromise.

By letter dated December 27, 2008, petitioner requested that the settlement officer place him in currently not collectible status but did not submit the Form 433-A or file the requisite delinquent tax returns.

On January 14, 2009, respondent's Appeals Office issued a Supplemental Notice of Determination Concerning Collection Action Under Section 6330 (supplemental notice of determination) sustaining the proposed levy. The supplemental notice of determination stated that petitioner is not eligible for a collection alternative because he had failed to provide the necessary financial information statements and has not filed tax returns for 2004, 2005, 2006, and 2007.

Respondent's Motion for Summary Judgment

On September 22, 2009, respondent filed the Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 that is presently before the Court.

Hearing on Respondent's Motion for Summary Judgment

The Court calendared respondent's motion for hearing on November 17, 2009, in Pittsburgh, Pennsylvania.  Both parties appeared and were heard.

At the hearing petitioner stated that he had filed tax returns for 2003, 2004, 2005, 2006, 2007, and 2008 in August 2009 and had submitted an offer-in-compromise on September 15, 2009. Petitioner did not bring copies of the filed tax returns or offer in compromise to the hearing.  At that time respondent indicated that his records did not reflect the filing of the tax returns and that the offer in compromise had been received but was not processable because of the present litigation.  The Court adjourned the hearing until the following morning to give petitioner time to gather the returns and present them to the Court.

The next morning, November 18, 2009, the Court recalled respondent's motion for hearing.  At that time petitioner presented copies of Federal income tax returns for 2003, 2004, 2005, 2006, 2007, and 2008, which he repeated had been filed in August 2009.  The returns appeared to be processable (as opposed to "zero" returns) and showed an amount due for each year. Counsel for respondent admitted that the 2007 and 2008 returns were reflected on petitioner's account transcripts for those years; however, the transcripts for 2003 through 2006 did not

reflect that returns were filed. Because respondent had generated substitutes for return for 2003 through 2006, a tax return subsequently filed by a taxpayer is handled differently than a subsequently filed tax return for years in which there was not a substitute for return, as in 2007 and 2008.

In addition to the tax returns, petitioner presented copies of a completed Form 656, Offer in Compromise, and a completed Form 433-A, which he had submitted to respondent on September 15, 2009. Petitioner also explained that he had started having Federal income tax withheld from his paychecks in April 2009.

## Discussion

A. <u>Summary Judgment</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b).

After carefully reviewing the record, we are satisfied that there is no genuine issue as to any material fact, and a decision

may be rendered as a matter of law.  Accordingly, we shall grant respondent's motion insofar as it pertains to summary judgment.

B.  Respondent's Proposed Levy

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Hearings conducted under section 6330 are informal proceedings, not formal adjudications.  Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, supra at 41. Taxpayers are generally entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence.  However, a face-to-face meeting is not invariably required, and the hearing may be conducted by telephone or by correspondence.  Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and -D7, Proced. & Admin. Regs.  Furthermore, there is no requirement that a face-to-face hearing must be offered to a taxpayer who merely wishes to pursue frivolous arguments.  Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Ho v. Commissioner, T.C. Memo. 2006-41.

Section 6330(c) prescribes the matters that a taxpayer may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability may be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180-181.  It is well settled that where the validity of the underlying tax liability is properly at issue in a collection review proceeding, the Court will review the matter on a de novo basis.  Goza v. Commissioner, supra at 181-182.  Section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding because he previously had the opportunity to dispute the determined deficiency.  See Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002); Thomas v. Commissioner, T.C. Memo. 2003-231.[2]

---

[2]    Even if petitioner did not receive a notice of deficiency, he did not challenge the existence or amount of the underlying tax liability at the Appeals hearing but made only frivolous arguments.

Where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Goza v. Commissioner, supra at 181-182. The Court has described the abuse of discretion standard as meaning "arbitrary, capricious, or without sound basis in fact or law." Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Woodral v. Commissioner, 112 T.C. 19, 23 (1999)). In reviewing for abuse of discretion, we generally consider "only arguments, issues, and other matter that were raised at the collection hearing or otherwise brought to the attention of the Appeals Office." Magana v. Commissioner, 118 T.C. 488, 493 (2002). Although special circumstances might cause us to depart from this approach, we are unable to discern any such circumstances in the present case.

Petitioner was given the opportunity for an administrative hearing on two occasions. By letter dated September 4, 2007, the first settlement officer offered petitioner a telephone hearing on September 25, 2007. Additionally, the letter offered petitioner the opportunity to present his information through correspondence. Petitioner did not call the first settlement officer at the appointed time on September 25, 2007, nor did petitioner submit any correspondence to the settlement officer.

Shortly thereafter respondent's Appeals Office issued the notice of determination.

The second occasion arose when petitioner's case was remanded back to the Appeals Office pursuant to respondent's motion for a second administrative hearing. This time petitioner participated in a face-to-face hearing on December 4, 2008. At that hearing petitioner made only frivolous arguments, and only afterward did petitioner request a collection alternative, i.e., to be placed in currently not collectible status. Petitioner's request was not accompanied by the requisite financial statements and, at that time, petitioner had not filed tax returns for 2004 through 2007. On January 14, 2009, the second settlement officer issued the supplemental notice of determination stating that petitioner was not eligible for a collection alternative because he did not submit financial information and was not in compliance. Courts have consistently held that a determination that a taxpayer is not entitled to a collection alternative does not constitute an abuse of discretion if the taxpayer did not provide financial information during the administrative hearing and was not currently in compliance with Federal tax laws, i.e., had not filed all required tax returns. E.g. Olsen v. United States, 414 F.3d 144 (1st Cir. 2005) (no abuse of discretion in rejecting an offer-in-compromise when the taxpayer failed to provide financial information during the administrative hearing);

- 12 -

<u>Willis v. Commissioner</u>, T.C. Memo. 2003-302 (no abuse of
discretion because the taxpayer failed to provide sufficient
financial documentation); <u>Moorhous v. Commissioner</u>, T.C. Memo.
2003-183 (no abuse of discretion because current financial
information was not provided by the taxpayer during the
administrative hearing); cf. <u>Vinatieri v. Commissioner</u>, 133 T.C.
__ (2009) (release of levy required when the taxpayer
demonstrates financial hardship despite noncompliance with filing
required returns).

In view of the foregoing, respondent's motion shall be
granted insofar as it pertains to summary judgment.

C.  <u>Section 6673 Penalty</u>

We turn now to that part of respondent's motion that
requests the imposition of a penalty on petitioner under section
6673.

As relevant herein, section 6673(a)(1) authorizes the Tax
Court to require a taxpayer to pay to the United States a penalty
not in excess of $25,000 whenever it appears that proceedings
have been instituted or maintained by the taxpayer primarily for
delay or that the taxpayer's position in such proceeding is
frivolous or groundless.  The Court has indicated its willingness
to impose such penalty in lien and levy cases, <u>Pierson v.
Commissioner</u>, 115 T.C. at 580-581, and has in fact imposed a

penalty in many such cases, e.g., <u>Cipolla v. Commissioner</u>, T.C. Memo. 2004-6.

We are inclined to think that petitioner commenced the present case primarily for delay given the meritless arguments in his petition and in his statements at the December 4, 2008 hearing. However, petitioner has since reformed his ways by filing processable tax returns, having Federal income tax withheld from his paychecks, and indicating that he now agrees that he is subject to Federal income tax.[3] Because petitioner changed his position since instituting these proceedings we shall not impose a penalty under section 6673.

As a result, we shall deny respondent's motion insofar as it pertains to imposition of a penalty under section 6673.

<u>Conclusion</u>

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they are unpersuasive.

---

[3] At the hearing petitioner stated:

> Your Honor, the only thing I can say is I made a mistake. I'm just looking for a second chance to correct things and just get on with my life. Like I said, the only I guess excuse I have is I should have read things for myself instead of relying on others. * * * I should have been paying from all those years. Like I said, I just made a mistake. There's not much more I can say other than that.

To reflect the foregoing,

<u>An appropriate order and decision will be entered granting respondent's motion as it pertains to summary judgment and denying it as it pertains to imposition of a penalty under section 6673</u>.