T.C. Memo. 2002-252

UNITED STATES TAX COURT

DAVID ANDREW SCHMITH AND KATHLEEN STILWELL SCHMITH, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1860-02L.              Filed October 2, 2002.

David Andrew Schmith and Kathleen Stilwell Schmith, pro se.

<u>Alan J. Tomsic</u> and <u>Karen Lynne Baker</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion For Summary Judgment, filed pursuant to
Rule 121, and respondent's oral motion to impose a penalty under
section 6673.[1]  Respondent contends that there is no dispute as

---

[1]  Unless otherwise indicated, all section references are to
(continued...)

to any material fact with respect to this levy action and that respondent's determination to proceed with collection of petitioners' outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

The record establishes and/or the parties do not dispute the following:

A. Petitioners' Form 1040 for 1997

On or about April 14, 1998, David Andrew Schmith and Kathleen Stilwell Schmith (petitioners), residents of Las Vegas, Nevada, submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997. On the Form 1040, petitioner Kathleen Stilwell Schmith listed her occupation as cashier; in contrast, petitioner David Andrew Schmith did not list his occupation.

Petitioners entered zeros on all of the lines of the income portion of the Form 1040, specifically including line 7 for wages, line 8a for taxable interest, line 13 for capital gain, line 19 for unemployment compensation, line 22 for total income, lines 32 and 33 for adjusted gross income, and line 38 for taxable income. Petitioners also entered zeros on line 39 for tax, lines 47 through 52 for other taxes, and line 53 for total tax. Petitioners then claimed a refund in the amount of $542.81, which was equal to the amount of Federal income tax that had been

withheld from their wages.

Petitioners attached to their Form 1040 a two-page typewritten statement that stated, in part, as follows:

I, <u>David and Kathleen Schmith</u> am submitting this as part of my 19<u>97</u> income tax return, even though I know that no section of the Internal Revenue Code:

1) Establishes an income tax "liability" * * * ;

2) Provides that income taxes "have to be paid on the basis of a return" * * * ;

3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.

a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return;

* * * * * * *

6) Please note, that my 19<u>97</u> return also constitutes a claim for refund pursuant to Code Section 6402.

7) It should also be noted that I had "zero" income according to the Supreme Court's definition of income (See Note #1) * * * .

8) I am also putting the IRS on notice that my 19<u>97</u> tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702.

* * * * * * *

10) In addition, don't notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that. You might prepare a return (pursuant to Code Section 6020(b)) where no return is filed, but as in this case, a return has been filed, no statute authorizes IRS personnel to "change" that return.

\* \* \* \* \* \* \*

    \*<u>Note #1</u>: The word "income" is not defined in the Internal Revenue Code. \* \* \* But, as stated above, it can only be a derivative of corporate activity. \* \* \*

B. <u>Respondent's Deficiency Notice and Petitioners' Response</u>

On June 16, 2000, respondent (acting through Deborah Decker, Director of the Service Center in Ogden, Utah) issued a notice of deficiency to petitioners for the taxable year 1997. In the notice, respondent determined a deficiency in petitioners' Federal income tax in the amount of $2,854 and an accuracy-related penalty under section 6662(a) and (b)(1) for negligence or disregard of rules or regulations in the amount of $462.24.[2] The deficiency in income tax was based on respondent's determination that petitioners had failed to report wages, interest income, capital gain, and unemployment compensation.

By registered letter dated July 11, 2000, petitioners wrote to the director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated June 16, 2000, but challenging respondent's authority "to send us the notice in the first place." Petitioners sent copies of their letter by registered mail to Lawrence H. Summers, Secretary of the Treasury, and Charles O. Rossotti, Commissioner of Internal

---

    [2] Insofar as their ultimate tax liability was concerned, respondent gave petitioners credit for the amounts withheld from their wages. However, we note that the determination of a statutory deficiency does not take such withheld amounts into account. See sec. 6211(b)(1).

Revenue.

Petitioners knew that they had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[3] However, petitioners chose not to do so. Accordingly, on November 20, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest. On that same day, respondent sent petitioners a notice of balance due, informing them that they had a liability for 1997 and requesting that they pay it. By letter dated December 20, 2000, petitioners acknowledged receipt of the notice of balance due,[4] but failed to pay the amount owing.

C. Respondent's Final Notice and Petitioner's Response

On March 1, 2001, respondent mailed to petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a

---

[3] In this regard, petitioners' letter dated July 11, 2000, stated as follows:

> According to your "Deficiency Notice" of above date (cover sheet attached), there is an alleged deficiency with respect to our 1997 income tax of $2,854.00, and in order to "contest this deficiency before making payment, we must "file a petition with the United States Tax Court".

[4] In this regard, petitioners' letter dated Dec. 20, 2000, stated as follows:

> This is in reply to your letter of 11/20 in which you notified me that "We have changed your return."

Elsewhere in their letter, petitioners espoused the view that because they did not self-assess themselves on their 1997 Form 1040, they cannot have any tax liability for that year.

Hearing in respect of their outstanding tax liability for 1997.

On March 18, 2001, petitioners filed with respondent Form 12153, Request for a Collection Due Process Hearing. The request, which was accompanied by a typewritten statement, included, inter alia, a challenge to the existence of the underlying tax liability, as well as allegations that petitioners were never provided with a valid notice of deficiency or notice and demand for payment. In addition, petitioners requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

D. The Appeals Office Hearing

On August 21, 2001, petitioners attended an administrative hearing in Las Vegas, Nevada, conducted by Appeals Officer Tom Aneau (the Appeals officer). Prior to the hearing, the Appeals officer obtained and reviewed Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, pertaining to petitioners' account for 1997. At the hearing, the Appeals officer provided petitioners with a copy of that document.

During the hearing, petitioners took the position that payment of Federal income tax is voluntary and that "there is no law that requires you to pay it." Petitioners also requested that the Appeals officer provide verification from the Secretary of the Treasury that all applicable laws and administrative

procedures had been followed in the assessment and collection process. Petitioners were informed that Form 4340 was sufficient to satisfy the verification requirement of section 6330(c)(1). Petitioners also alleged that they never received "the statutory notice and demand for payment" and repeatedly challenged the Appeals officer to:

> show me the law that states that I have [to pay] income tax--that I owe this income tax. You didn't show that. Here's the Codebook, show it to me now [placing Internal Revenue Code in front of Appeals officer], and I'll get my checkbook--I'll pay it right now on the spot if you show this right to me now.

The Appeals officer advised petitioners that they were advancing frivolous arguments. He also provided them with a copy of this Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000), and he referred them to this Court's opinion in Davis v. Commissioner, T.C. Memo. 2001-87. Ultimately, the Appeals officer terminated the hearing after petitioners declined to discuss collection alternatives.

E. Respondent's Notice of Determination

On September 20, 2001, respondent's Appeals Office issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to their tax liability for 1997. In the notice, the Appeals Office concluded that respondent's determination to proceed with collection by way of levy should be sustained.

F.  Petitioners' Petition

On January 24, 2002, petitioners filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[5]  The petition includes allegations that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) petitioners never received a "valid" notice of deficiency; i.e., one sent by the Secretary or someone authorized by the Secretary; (3) petitioners never received "the statutory 'Notice and Demand for payment'"; and (4) petitioners were denied the opportunity to challenge the existence or amount of their underlying tax liability.

Petitioners attached to their petition several documents, including copies of the notice of deficiency dated June 16, 2000, and their letter dated July 11, 2000, acknowledging receipt of that notice.  See supra "B.".

G.  Respondent's Motion For Summary Judgment

As stated, respondent filed a Motion For Summary Judgment. Respondent contends that petitioners are barred under section

---

[5]  Petitioners' petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of October 18, 2001. During the Fall/Winter of 2001-2002, the Court experienced significant delays in the receipt of mail because of anthrax.

At the time that the petition was filed, petitioners resided in Las Vegas, Nevada.

6330(c)(2)(B) from challenging the existence or amount of their underlying tax liability in this collection review proceeding because petitioners received a notice of deficiency for the tax in question. Respondent also contends that the Appeals officer's review of Form 4340 for petitioners' account for the taxable year 1997 satisfied the verification requirement of section 6330(c)(1).

Petitioners filed an Objection to respondent's motion, alleging, inter alia, that "respondent has never identified one law that makes petitioners liable, or one law that requires petitioners to pay this tax" and admitting, inter alia, that "they received a Notice of Deficiency from Deborah Decker." Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Petitioners did not attend the hearing; however, they did file a written statement pursuant to Rule 50(c), which incorporated by reference certain of their prior filings. Respondent's counsel appeared at the hearing and, based on petitioners' behavior throughout the proceeding, orally moved for the imposition of a penalty under section 6673.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to

collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000);  Goza v.

Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioners challenge the assessment made against them on the ground that the notice of deficiency dated June 16, 2000, is invalid because "respondent did not provide any proof that Deborah Decker has any legal authority to send out a Notice of Deficiency".  However, the record conclusively shows that petitioners received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a).  It follows that section 6330(c)(2)(B) bars petitioners from challenging the existence or amount of their underlying tax liability in this collection review proceeding.  See Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002).

Even if petitioners were permitted to challenge the validity of the notice of deficiency, petitioners' argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See id. at 165; Goza v. Commissioner, supra.  Likewise, petitioners' argument that no statute establishes an individual's liability for income tax or requires the payment of income tax is frivolous and groundless.  As the

Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Tolotti v. Commissioner, T.C. Memo. 2002-86. Suffice it to say:

(1) Petitioners are taxpayers subject to the Federal income tax; see secs. 1(a)(1), 7701(a)(1), (14);

(2) compensation for labor or services rendered constitutes income subject to the Federal income tax; sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981);

(3) gains derived from dealings in property, interest, and unemployment compensation also constitute income subject to the Federal income tax; secs. 61(a)(3), (4), 85(a);

(4) petitioners are required to file an income tax return; sec. 6012(a)(1); and

(5) a taxpayer's failure to report tax on a return does not prevent the Commissioner from determining a deficiency in that taxpayer's income tax; secs. 6211(a), 6212(a); see Monaco v. Commissioner, T.C. Memo. 1998-284.

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows

that prior to the administrative hearing on August 21, 2001, the Appeals officer obtained and reviewed Form 4340 for petitioners' taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirements imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, supra; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the Form 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.[6]

---

[6] To the extent that petitioners may still be arguing that the Appeals officer failed to provide them with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the
(continued...)

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the Form 4340.  See Davis v. Commissioner, 115 T.C. at 41; Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioners also contend that they never received a notice and demand for payment of their tax liability for 1997.  The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

In particular, the Form 4340 on which the Appeals officer relied during the administrative process shows that respondent sent petitioners a notice of balance due on the same date that respondent made assessments against petitioners for the tax and

---

[6](...continued) verification at the administrative hearing.  Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  In any event, the Appeals officer provided petitioners with a copy of Form 4340 for the taxable year 1997.

accuracy-related penalty determined in the notice of deficiency. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a).  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Newman v. Commissioner</u>, T.C. Memo. 2002-132; <u>Weishan v. Commissioner</u>, <u>supra</u>; see also <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993).  Notably, petitioners acknowledged receipt of the notice of balance due dated November 20, 2000, in their letter dated December 20, 2000.  See <u>supra</u> pp. 5-6.

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.[7] These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated September 20, 2001.

B.  <u>Imposition of a Penalty Under Section 6673</u>

We turn now to respondent's oral motion for the imposition of a penalty on petitioners under section 6673.

---

[7] Petitioner David Andrew Schmith stated to the Appeals officer at the administrative hearing on Aug. 21, 2001, that "I'll get my checkbook" and "I've offered to pay as long as you show me the law that requires me to pay."  The statutory citations sought by petitioner are identified <u>supra</u> p. 13 of this opinion.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases, <u>Pierson v. Commissioner</u>, 115 T.C. at 580-581, and has in fact imposed a penalty in a number of such cases.[8]

We are convinced that petitioners instituted the present proceeding primarily for delay.  In this regard, it is clear that petitioners regard this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse their own misguided views, which we regard as frivolous and groundless.  E.g., <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86.  In short,

---

[8]  E.g., <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002) (imposing a penalty in the amount of $10,000); <u>Schroeder v. Commissioner</u>, T.C. Memo. 2002-190 (imposing sua sponte a penalty in the amount of $1,000); <u>Wagner v. Commissioner</u>, T.C. Memo. 2002-180 (imposing a penalty in the amount of $4,000); <u>Perry v. Commissioner</u>, T.C. Memo. 2002-165 (imposing a penalty in the amount of $2,500); <u>Crow v. Commissioner</u>, T.C. Memo. 2002-149 (imposing a penalty in the amount of $1,500); <u>Smeton v. Commissioner</u>, T.C. Memo. 2002-140 (imposing a penalty in the amount of $1,000); <u>Newman v. Commissioner</u>, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); <u>Williams v. Commissioner</u>, T.C. Memo. 2002-111 (imposing sua sponte a penalty in the amount of $1,000); <u>Yacksyzn v. Commissioner</u>, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); <u>Watson v. Commissioner</u>, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Also relevant is the fact that petitioners are, or should be, well aware of the provisions of section 6673.  After all, at the administrative conference on August 21, 2001, the Appeals officer advised petitioners that they were advancing frivolous arguments; he provided them with a copy of this Court's opinion in <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000), and he referred them to this Court's opinion in <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

Under the circumstances, we shall grant respondent's oral motion for the imposition of a penalty in that we shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $1,000.

In order to give effect to the foregoing,

<u>An appropriate order granting</u>
<u>respondent's motions and decision</u>
<u>for respondent will be entered</u>.